**HOPEWELL COMPANY, INC., Plaintiff**

**v.**

**RAYMOND ASSERSON a/k/a BOB ELLIS and DILSON PETRY,**
**Defendants**

Civil No. 381-1968

District Court of the Virgin Islands
Div. of St. Thomas and St. John

April 18, 1969

*See, also, 297 F.Supp. 376*

SIDNEY A. COHEN, ESQ., *for plaintiff*

ALPHONSO A. CHRISTIAN, ESQ., *for defendants*

STALEY, *Judge*

(Sitting by Designation)

MEMORANDUM

Appellee, Hopewell Co., Inc., brought suit in the Municipal Court of the Virgin Islands against appellants, Raymond Asserson, a/k/a Bob Ellis, and Dilson Petry, seeking "Rental, Eviction, Forcible Detainer, Plus Damages" under the terms of a month-to-month lease entered into by appellee and appellants in June of 1967. The lease provided that the tenancy would "continue from month to month until terminated at the end of any month by a written notice mailed, registered mail, or delivered, thirty (30) days prior to such termination date, by either party to the other." On June 6, 1968, appellee mailed a letter to appellants requesting them to vacate the premises no later than thirty (30) days after receipt of said letter. Appellants received the letter but refused to move.

The Municipal Court held that appellee was entitled to repossession and gave appellants until January 31, 1969, to vacate. The Municipal Court reserved, without decision, the various questions of damages because they were raised in an action not involving eviction filed in this Court by the same parties. Upon taking this appeal appellants filed a supersedeas bond, approved by the Municipal Court, so that appellants are still in possession of the premises.

Appellants principal contention here is that the Municipal Court erred in severing the damage issues from the trial concerning eviction. This it was clearly entitled to do under 5 V. I. C. App. IV R 37, which states:

"Summary proceedings between landlord and tenant for the possession of premises and forcible entry and detainer proceedings

292

shall not be joined with any other cause of action, except claim for rent; nor shall a defendant, in such proceedings, file a counter-claim or third-party complaint."

Appellants next argue that under Section 28 of the lease they are entitled to continue in possession of the premises until they live out and set off against past, present and future rent the value of the repairs and improvements that they allegedly effected in the premises. Section 28 provides in relevant part:

"* * * It is agreed that, to the extent Tenant, with the Land-lord's approval, undertakes and completes repairs, improvements and/or maintenance work at the premises, Tenant shall, upon pay-ment for the cost thereof and production of proof of payment, be entitled to deduct and set off such cost against the rent due or to grow due hereunder. Nothing herein contained shall be construed to impose on Landlord any obligation to pay for any repairs, improve-ments or maintenance ordered or incurred by Tenant; nor shall Landlord be liable to Tenant or anyone claiming under or through Tenant, for the cost of such repairs, improvements or mainte-nance work, in excess of the amount of rent due hereunder at the time such deduction or set off is claimed."

■ The fact that Section 28 provides for a set off against rent to "grow due" does not mean that appellants can live rent-free on the property until the rent they owe equals the value of the alleged repairs and improve-ments. Such a construction would effectively negate the fact that both sides agreed on a month-to-month lease. Either side could terminate the lease on a month's notice. Here, no rent is to "grow due" because appellee has not consented to appellants continued presence in the building. Appellee has properly requested appellants to leave, and now they must vacate. If they have not removed from the premises by May 31, 1969, the proper authorities will be directed to forcibly evict them.

Accordingly, the Judgment of Eviction, as modified, will be affirmed.